UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RICKY UNDERHILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-04410-JPH-DML |
| | ) | |
| EMILY KARDIS, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING COMPLAINT, DISMISSING INSUFFICIENT CLAIMS,
AND DIRECTING ISSUANCE OF PROCESS**

Plaintiff Ricky Underhill, an inmate at Plainfield Correctional Facility, brings this 42 U.S.C. § 1983 action alleging that the defendants failed to protect him from other inmates.

**I. Screening Standard**

Because Mr. Underhill is a prisoner, the Court must screen his complaint. 28 U.S.C. § 1915A(a), (c). The Court must dismiss any claim that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints like Mr. Underhill's are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. The Complaint

The complaint names nine defendants: (1) Emily Kardis, (2) Dushan Zatecky, (3) Bob Turney, (4) Vedora Hinshaw, (5) Laura Bodkin, (6) Jennifer Gibson, (7) Yovanne Shepherd (8) John Doe #1, and (9) John Doe #2.

The complaint alleges that another inmate attacked Mr. Underhill on November 8, 2018. Mr. Underhill sustained head and face injuries. Both John Doe defendants failed to intervene during the attack and failed to escort Mr. Underhill to the medical office afterward. Mr. Underhill was placed on cell-lock status, which prevented any further attacks.

Mr. Underhill wrote letters to defendants Ms. Kardis, Mr. Zatecky, Mr. Turney, and Ms. Hinshaw asking for help getting medical treatment, but none responded. Mr. Underhill later wrote letters to the same defendants telling them that he continued to receive threats from the inmate who had attacked him. On November 13, 2018, defendant Mr. Turney took pictures of Mr. Underhill's face.

On November 26, 2018, defendants Ms. Bodkin and Ms. Shepherd refused to let Mr. Underhill file grievances against the John Doe officers for failing to intervene and failing to help Mr. Underhill get medical treatment. Defendants Ms. Kardis, Mr. Zatecky, Mr. Turney, Ms. Hinshaw, and Ms. Gibson refused to help Mr. Underhill re-file the grievances.

On December 7, 2018, Mr. Underhill was removed from cell-lock status and transferred from D House ("D1 side") to C House.

On December 13, 2018, Mr. Underhill was returned to D House ("D2 side"). He told defendants Ms. Kardis, Ms. Hinshaw, and Ms. Gibson that other inmates had been threatening him. Upon arrival his arrival in D House, other inmates began extorting him for money.

On December 17, 2018, Mr. Underhill notified defendants Ms. Kardis, Mr. Zatecky, Mr. Turney, Ms. Hinshaw, and Ms. Gibson that inmates were assaulting, extorting, and threatening him. Mr. Underhill also filed formal grievances, but defendants Ms. Bodkin and Ms. Shepherd refused to process them.

In February 2019, Mr. Underhill was returned to C House. Defendants Ms. Kardis and Ms. Hinshaw began telling other inmates information about Mr. Underhill that led to him being attacked in March 2019.

Following the March 2019 attack, Mr. Underhill was placed in segregation until June 2019.

Mr. Underhill alleges that

- the John Doe defendants failed to protect him from the November 8, 2018, attack and were deliberately indifferent to his serious medical needs following the attack in violation of the Eighth Amendment;

- defendants Ms. Kardis, Mr. Zatecky, Mr. Turney, and Ms. Hinshaw failed to protect him from attacks and extortion from December 2018 through March 2019 in violation of the Eighth Amendment; and

- defendants Mr. Zatecky, Ms. Hinshaw, Ms. Bodkin, Ms. Shepherd, and Ms. Gibson denied him the right to file a grievance in violation of the First Amendment.

Mr. Underhill seeks damages.

### III. Discussion

**A. Dismissed Claims**

All claims against unnamed "John Doe" defendants are **DISMISSED** because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back . . . nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). Bringing suit against unnamed or "John Doe" defendants in federal court is generally disfavored by the Seventh Circuit. *Strauss v.*

*City of Chicago*, 760 F.2d 765, 770 n.6 (7th Cir. 1985). If Mr. Underhill learns the names of the unknown defendants, he may file a motion for leave to file an amended complaint.

Mr. Underhill's First Amendment claims are **DISMISSED for failure to state a claim upon which relief can be granted**. "[T]he Constitution does not require that jails or prisons provide a grievance procedure at all, nor does the existence of a grievance procedure create a constitutionally guaranteed right." *Daniel v. Cook Cty.*, 833 F.3d 728, 736 (7th Cir. 2016). If any defendant denied (or refused to process) a grievance complaining of attacks by other inmates, the proper legal theory for liability is an Eighth Amendment failure-to-protect claim.

### B. Proceeding Claims

Mr. Underhill's Eighth Amendment failure-to-protect claims against defendants Ms. Kardis, Mr. Zatecky, Mr. Turney, Ms. Hinshaw, Ms. Bodkin, Ms. Shepherd, and Ms. Gibson **SHALL PROCEED**. While Mr. Underhill does not purport to rely on the Eighth Amendment in his claims against Ms. Bodkin, Ms. Shepherd, and Ms. Gibson, "courts are supposed to analyze a litigant's claims and not just the legal theories that he propounds—especially when he is litigating pro se." *Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012). Mr. Underhill has sufficiently alleged that Ms. Bodkin, Ms. Shepherd, and Ms. Gibson ignored an imminent risk of serious harm from attacks by other inmates.

### IV. Issuance of Process

The **clerk is directed** to terminate defendants John Doe #1 and John Doe #2 from the docket.

The **clerk is directed** to issue process to defendants (1) Emily Kardis, (2) Dushan Zatecky, (3) Bob Turney, (4) Vedora Hinshaw, (5) Laura Bodkin, (6) Jennifer Gibson, and (7) Yovanne Shepherd. Fed. R. Civ. P. 4(c)(3), 4(d). Process shall consist of the complaint (docket [1]),

applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

**SO ORDERED.**

Date: 1/3/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RICKY UNDERHILL
953146
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Electronic service to IDOC employees at Plainfield Correctional Facility:

> Emily Kardis
> Dushan Zatecky
> Bob Turney
> Vedora Hinshaw
> Laura Bodkin
> Jennifer Gibson
> Yovanne Shepherd