UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICKY UNDERHILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-04410-JPH-DML |
| ) | |
| EMILY KARDIS, *et al.* ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR COUNSEL**

Plaintiff Ricky Underhill, an inmate at Plainfield Correctional Facility, filed this civil rights action in October 2019. The complaint was screened, dkt. 6, and the defendants have answered it, dkts. 30 and 31. Several defendants have asserted an affirmative defense based on Mr. Underhill's failure to exhaust administrative remedies. Dkt. 30. On January 29, 2020, Mr. Underhill filed a motion to appoint limited counsel for the purpose of assisting with discovery.

Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

Because Mr. Underhill has made reasonable efforts to obtain counsel on his own, *see* dkt. 26-4, the Court must ask, "'given the difficulty of the case, does the plaintiff appear

1

competent to litigate it himself?'" *Walker*, 900 F.3d at 938 (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). To decide this question, the Court considers "'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Olson*, 750 F.3d at 712 (quoting *Pruitt,* 503 F.3d at 655). These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation.

Mr. Underhill obtained a G.E.D. in 2000. He reads and writes English. His complaint and other pleadings demonstrate his ability to make clear, coherent arguments in support of the relief he seeks. He has been diagnosed with schizoaffective disorder, bipolar type, and post-traumatic stress disorder, but he does not allege or explain how these conditions limit him from litigating this case. Mr. Underhill asserts that he does not completely understand the rules of discovery, but that makes him no different from most other pro se litigants. In addition, Mr. Underhill has substantial litigation experience as this is the tenth civil action he has pursued in this district.

This case has not yet entered full-fledged merits discovery. Most of the defendants have asserted an exhaustion defense, and they have until April 22, 2020, to file a motion for summary judgment or take other action regarding that defense. If the defendants file a motion for summary judgment, Mr. Underhill will then have an opportunity to respond and point to evidence that he did exhaust available administrative remedies.

The Court finds that Mr. Underhill can litigate this case at this stage without the assistance of counsel. Accordingly, his motion for limited appointment of counsel, dkt. [25], is **DENIED**. Should the case proceed to a stage where Mr. Underhill can no longer litigate the case without counsel, he may file another motion for assistance with recruiting counsel. In that event,

Mr. Underhill should use the Court's form motion for assistance with recruiting counsel. The **clerk is directed** to include that form with Mr. Underhill's copy of this Order.

**SO ORDERED.**

Date: 4/14/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RICKY UNDERHILL
953146
PLAINFIELD – CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Benjamin C. Ellis
INDIANA UNIVERSITY MAURER SCHOOL OF LAW
Benjamin.Ellis@atg.in.gov

Steven John Hosler
INDIANA ATTORNEY GENERAL
Steven.Hosler@atg.in.gov

Jane J. Handley
INDIANA ATTORNEY GENERAL
jane.handley@atg.in.gov